**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DERWIN REDDIC,                      No C-10-1580 VRW (PR)

12              Plaintiff,

13         v                            ORDER OF SERVICE

14  M S EVANS, et al,

15              Defendants.

16  _____/

17

18       Plaintiff, a prisoner presently incarcerated at California

19  State Prison-Corcoran, has filed a pro se civil rights first amended

20  complaint under 42 USC § 1983 alleging that officials at Salinas

21  Valley State Prison ("SVSP") violated his constitutional rights

22  while he was incarcerated there.  Doc #4.  Specifically, Plaintiff

23  alleges that SVSP correctional lieutenant J Ippolito was

24  deliberately indifferent to plaintiff's safety when Ippolito gave

25  information about plaintiff to several prisoners that caused at

26  least one of those prisoners to engage plaintiff in a fight.  Id at

27  3-5 & 8-9.  Plaintiff states that after the fight, he informed

28  Ippolito that he was going to file a prison administrative grievance

1   against him and that Ippolito responded by telling plaintiff to

2   "watch his back because [he] was playing a dangerous game."   Id at

3   4.   Plaintiff further alleges that he informed warden M S Evans in

4   writing of what Ippolito had done and asked to be transferred to

5   another facility, but that Evans ignored his letters.   Id at 4 & 6.

6   Plaintiff states that as a result of the fight, he was issued a

7   rules violation report for battery on an inmate with a weapon and

8   subsequently found guilty by Ippolito.   Id at 5-8.

9           Plaintiff further alleges that Ippolito and other SVSP

10  officials retaliated against plaintiff for his use of the prison

11  administrative grievance system by finding him guilty of the rules

12  violation and assessing a forfeiture of 360 days of good time

13  credits.   Doc #4 at 9-10.   Plaintiff further alleges that he was

14  denied due process of law with respect to the disciplinary hearing

15  on the rules violation report.   Id at 9.   Plaintiff seeks damages.

16

17                                     I

18          Federal courts must engage in a preliminary screening of

19  cases in which prisoners seek redress from a governmental entity or

20  officer or employee of a governmental entity.   28 USC § 1915A(a).

21  The court must identify cognizable claims or dismiss the complaint,

22  or any portion of the complaint, if the complaint "is frivolous,

23  malicious, or fails to state a claim upon which relief may be

24  granted," or "seeks monetary relief from a defendant who is immune

25  from such relief."   Id § 1915A(b).   Pleadings filed by pro se

26  litigants, however, must be liberally construed.   Balistreri v

27

28                                     2

1 **Pacifica Police Dep't**, 901 F2d 696, 699 (9th Cir 1990).

2 To state a claim under 42 USC § 1983, a plaintiff must

3 allege two essential elements: (1) that a right secured by the

4 Constitution or laws of the United States was violated, and (2) that

5 the alleged violation was committed by a person acting under the

6 color of state law. **West v Atkins**, 487 US 42, 48 (1988).

7

8 II

9 A

10 The Eighth Amendment requires that prison officials take

11 reasonable measures to guarantee the safety of prisoners. **Farmer v**

12 **Brennan**, 511 US 825, 832 (1994). In particular, prison officials

13 have a duty to protect prisoners from violence at the hands of other

14 prisoners. **Id** at 833; **Hearns v Terhune**, 413 F3d 1036, 1040 (9th Cir

15 2005); **Hoptowit v Ray**, 682 F2d 1237, 1250 (9th Cir 1982); **Gillespie**

16 **v Civiletti**, 629 F2d 637, 642 & n3 (9th Cir 1980). The failure of

17 prison officials to protect prisoners from attacks by other

18 prisoners or from dangerous conditions at the prison violates the

19 Eighth Amendment only when two requirements are met: (1) the

20 deprivation alleged is, objectively, sufficiently serious; and (2)

21 the prison official is, subjectively, deliberately indifferent to

22 prisoner safety. **Farmer**, 511 US at 834; **Hearns**, 413 F3d at 1040–41.

23 Liberally construed, plaintiff's allegations against SVSP

24 officials described above appear to state a cognizable 42 USC § 1983

25 claim for an Eighth Amendment violation and defendants will be

26 served.

27

28 3

1

**B**

2      Within the prison context, a viable claim of First

3 Amendment retaliation entails five basic elements:  (1) An assertion

4 that a state actor took some adverse action against a prisoner (2)

5 because of (3) that prisoner's protected conduct, and that such

6 action (4) chilled the prisoner's exercise of his First Amendment

7 rights, and (5) the action did not reasonably advance a legitimate

8 correctional goal.  Rhodes v Robinson, 408 F3d 559, 567-68 (9th Cir

9 2005).  The right of access to the courts extends to the exercise of

10 established prison grievance procedures, Bradley v Hall, 64 F3d

11 1276, 1279 (9th Cir 1995), such that a prisoner may not be

12 retaliated against for using such procedures.  Rhodes, 408 F3d at

13 567; Bruce v Ylst, 351 F3d 1283, 1288 (9th Cir 2003).

14      Liberally construed, plaintiff's allegations against SVSP

15 officials described above appear to state a cognizable 42 USC § 1983

16 claim for retaliation and defendants will be served.

17

18

**C**

19      Prison disciplinary proceedings are not part of a criminal

20 prosecution and, consequently, the full panoply of rights due a

21 defendant in such proceedings does not apply.  Wolff v McDonnell,

22 418 US 539, 556 (1974).  Nevertheless, where serious rules

23 violations are alleged, state regulations restrict the power of

24 prison officials to impose sanctions, and, where the sanctions

25 imposed are severe, the Due Process Clause requires certain minimum

26 procedural protections.  See id at 556-57, 571-72 n19.  In

27

28                                    **4**

1  particular, the deprivation of a protected liberty interest

2  warranting the procedural protections of due process occurs when the

3  punishment administered by prison officials for a disciplinary

4  infraction "imposes atypical and significant hardship on the inmate

5  in relation to the ordinary incidents of prison life," Sandin v

6  Conner, 515 US 472, 484 (1995), or "will inevitably affect the

7  duration of [a] sentence."  Id at 487.

8       The five procedural requirements established by Wolff are:

9  (1) written notice of the charges; (2) a period of no less than

10  twenty-four hours to prepare for the disciplinary hearing; (3) a

11  written statement by the factfinders as to the evidence relied on

12  and reasons for the disciplinary action; (4) a limited right to call

13  witnesses and present documentary evidence at the disciplinary

14  hearing; and (5) a limited right to receive assistance from a fellow

15  prisoner or correctional staff.  See Wolff, 418 US at 564-70.

16       In addition to the procedural requirements noted above,

17  the revocation of good time credits does not comport with the

18  minimum requirements of procedural due process in Wolff unless the

19  findings of the prison disciplinary board are supported by some

20  evidence in the record.  Superintendent v Hill, 472 US 445, 454

21  (1985).  Further, there must be some indicia of reliability of the

22  information that forms the basis for prison disciplinary actions.

23  See Cato v Rushen, 824 F2d 703, 704-05 (9th Cir 1987).

24       Liberally construed, plaintiff's allegations against SVSP

25  officials described above appear to state a cognizable 42 USC § 1983

26  claim for a due process violation in connection with the

27

28                                    5

1  disciplinary hearing on the serious rules violation report and

2  defendants will be served.

3

4                              **III**

5       For the foregoing reasons and for good cause shown:

6       1.   The clerk shall issue summons and the United States

7  Marshal shall serve, without prepayment of fees, copies of the first

8  amended complaint in this matter, all attachments thereto, and

9  copies of this order on defendants.   The clerk also shall serve a

10  copy of this order on plaintiff.

11       2.   In order to expedite the resolution of this case, the

12  court orders as follows:

13            a.   No later than ninety (90) days from the date of

14  this order, defendants shall file a motion for summary judgment or

15  other dispositive motion.   A motion for summary judgment shall be

16  supported by adequate factual documentation and shall conform in all

17  respects to Federal Rule of Civil Procedure 56, and shall include as

18  exhibits all records and incident reports stemming from the events

19  at issue.   If defendants are of the opinion that this case cannot be

20  resolved by summary judgment or other dispositive motion, they shall

21  so inform the court prior to the date his motion is due.   All papers

22  filed with the court shall be served promptly on plaintiff.

23            b.   Plaintiff's opposition to the dispositive motion

24  shall be filed with the court and served upon defendants no later

25  than thirty (30) days after defendants serve plaintiff with the

26  motion.

27

28                              **6**

1        c.    Plaintiff is advised that a motion for summary

2 judgment under Rule 56 of the Federal Rules of Civil Procedure will,

3 if granted, end your case.  Rule 56 tells you what you must do in

4 order to oppose a motion for summary judgment.  Generally, summary

5 judgment must be granted when there is no genuine issue of material

6 fact - that is, if there is no real dispute about any fact that

7 would affect the result of your case, the party who asked for

8 summary judgment is entitled to judgment as a matter of law, which

9 will end your case.  When a party you are suing makes a motion for

10 summary judgment that is properly supported by declarations (or

11 other sworn testimony), you cannot simply rely on what your

12 complaint says.  Instead, you must set out specific facts in

13 declarations, depositions, answers to interrogatories, or

14 authenticated documents, as provided in Rule 56(e), that contradict

15 the facts shown in defendants' declarations and documents and show

16 that there is a genuine issue of material fact for trial.  If you do

17 not submit your own evidence in opposition, summary judgment, if

18 appropriate, may be entered against you.  If summary judgment is

19 granted, your case will be dismissed and there will be no trial.

20 <u>Rand v Rowland</u>, 154 F3d 952, 962–63 (9th Cir 1998) (en banc) (App

21 A).

22        Plaintiff also is advised that a motion to dismiss for

23 failure to exhaust administrative remedies under 42 USC § 1997e(a)

24 will, if granted, end your case, albeit without prejudice.  You must

25 "develop a record" and present it in your opposition in order to

26 dispute any "factual record" presented by the defendants in their

27

28                            **7**

1 motion to dismiss.  <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir

2 2003).

3               d.    Defendants shall file a reply brief within

4 fifteen (15) days of the date on which Plaintiff serves them with

5 the opposition.

6               e.    The motion shall be deemed submitted as of the

7 date the reply brief is due.  No hearing will be held on the motion

8 unless the court so orders at a later date.

9          3.    Discovery may be taken in accordance with the Federal

10 Rules of Civil Procedure.  No further court order is required before

11 the parties may conduct discovery.

12          4.    All communications by plaintiff with the court must

13 be served on defendants, or defendants' counsel once counsel has

14 been designated, by mailing a true copy of the document to

15 defendants or defendants' counsel.

16          5.    It is plaintiff's responsibility to prosecute this

17 case.  Plaintiff must keep the court and all parties informed of any

18 change of address and must comply with the court's orders in a

19 timely fashion.  Failure to do so may result in the dismissal of

20 this action pursuant to Federal Rule of Civil Procedure 41(b).

21

22         IT IS SO ORDERED.

23 _____

24 VAUGHN R WALKER
United States District Chief Judge

25

26 G:\PRO-SE\VRW\CR.10\Reddic-10-1580.order of service.wpd

27

28         8